IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LOWELL FORD,

                Plaintiff,

    v.

NATIONAL CASUALTY COMPANY and
HARTFORD CASUALTY INSURANCE
COMPANY,

                Defendants.

Case No. 1:13-cv-00007-TMB

**ORDER**

      Defendants National Casualty Company and Hartford Casualty Insurance Company (together "Defendants") move to dismiss this case for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff Lowell Ford ("Plaintiff") opposes this motion.[2] For the reasons stated below, Defendants' motions to dismiss are **GRANTED.**

                **I.**      **BACKGROUND**

      On September 21, 2009, Stephen Horsman ("Horsman") and Plaintiff were involved in an automobile accident in which Plaintiff was injured.[3] At the time of the accident, Horsman was

---

[1] Dkts. 7, 13.

[2] Dkts. 16, 17.

[3] Dkt. 1-1 ¶ 4.

1

driving a vehicle rented from Avis with insurance coverage from Defendants.[4]  Plaintiff sued Horsman in the Superior Court for the State of Alaska, First Judicial District at Sitka ("Superior Court").[5]  Defendants' "denied defense of [P]laintiff's liability claims against Horsman."[6]  On July 7, 2010, Plaintiff obtained a judgment against Horsman for injury caused by the September 21, 2009 accident.[7]  Plaintiff moved for the Superior Court to assign "him any cause of action Horsman may have against insurers who [he] claims insured [Horsman] at the time of the crash."[8]  The Superior Court denied Plaintiff the assignment of Horsman's rights, but granted his alternative relief by allowing that a writ of execution may be issued.[9]  On August 29, 2013, the Superior Court ordered that Plaintiff "may apply for a writ of execution against a chose of action subject to the limitations and procedures as of AS 09.35 and Civil Rule 69."[10]

On July 8, 2013, Plaintiff filed a complaint in Superior Court against Defendants.[11]  On August 8, 2013, Defendants removed to this Court.[12]

---

[4] Dkt. 1-1 ¶¶ 3, 8-9.  Horsman did not rent the vehicle; Christine Heenan rented the vehicle. Dkt. 7 at 1.

[5] *See* Dkt. 7 at 1; Dkt. 1-1 ¶¶ 12-13; Dkt. 16-2.

[6] Dkt. 1-1 ¶ 12.

[7] *Id.* ¶ 13; Dkt. 16-2.

[8] Dkt. 16-1 at 1.

[9] *Id.* at 1-2.

[10] *Id.* at 2.

[11] Dkt. 1-1.

[12] Dkt. 1.

Case 1:13-cv-00007-TMB   Document 21   Filed 02/06/14   Page 2 of 6

## II.    LEGAL STANDARD

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[13]   When considering a motion to dismiss evaluating the sufficiency of a complaint under Rule 12(b)(6), courts generally assume that all allegations in the complaint are true, even if doubtful in fact.[14] "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court . . . and may consider documents that are referred to in the complaint whose authenticity no party questions."[15]

In order to survive a motion to dismiss, a complaint must include "[f]actual allegations [that are] enough to raise a right to relief above the speculative level."[16] In order to do so, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[18] In determining whether a complaint pleads sufficient facts to cross "the line between possibility and plausibility," courts may disregard "[t]hreadbare" legal conclusions.[19] Then courts should

---

[13]  Fed. R. Civ. P. 8(a)(1).

[14]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15]   *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

[16]  *Id*.

[17]  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 556-57).

[18]  *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

[19]  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 555, 557).

determine whether the well-pleaded allegations "plausibly establish" the claims or whether they fail in light of "more likely explanations."[20] "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."[21] However, a plaintiff need not plead "all facts necessary to carry" his or her burden.[22] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23]

### III. DISCUSSION

In his complaint, Plaintiff pleads that he "is a third-party beneficiary of the benefits denied by the defendants to Stephen Horsman."[24] Plaintiff also pleads that he "is entitled to pursue Stephen Horsman's claims against the [D]efendants pursuant to judicial assignment and/or writ of execution and/or as third-party beneficiary and/or other equitable doctrines."[25] The Court agrees with Defendants that Alaska law does not allow a direct cause of action for a tort victim against the tortfeasor's insurance company and that Plaintiff is not a third-party beneficiary of any insurance contract.[26] Plaintiff now argues only that he is pursuing this action

---

[20] *Id.* at 1949, 1951.

[21] *A.E.*, 666 F.3d at 637 (quoting *Starr*, 652 F.3d at 1216).

[22] *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd on other grounds* 131 S. Ct. 2074 (2011).

[23] *Iqbal*, 129 S. Ct. at 1950 (citation omitted).

[24] Dkt. 1-1 ¶ 14.

[25] *Id.* ¶ 15.

[26] "An incidental beneficiary, such as a tort victim injured by the insured . . . cannot enforce the contract between the insured and insurer. The tort victim is a beneficiary of the defendant's

4

as "a judgment creditor with an economic interest in the outcome of the legal question submitted to this court based on his judgment and current execution."[27] Because Plaintiff is not a third-party beneficiary, nor has he pleaded sufficient facts to uphold a claim against Defendants under "equitable doctrines," the remaining question is whether or not Plaintiff has a claim against Defendants as a judgment creditor.

Plaintiff claims that as Horsman's judgment creditor, he now owns Horsmans' causes of action against Defendants.[28] Plaintiff twice applied for an involuntary judicial assignment of Horsman's rights against Defendants.[29] The Superior Court for the State of Alaska, First Judicial District at Sitka twice denied his motion for an involuntary assignment.[30] However, the Superior Court's August 28, 2013 order allowed Plaintiff to "apply for a writ of execution against a chose of action subject to the limitations and procedures of AS 09.35 and Civil Rule 69."[31]

Defendants' argue that Plaintiff cannot be a judgment creditor because he has not yet completed, or perhaps even begun, the process of obtaining a writ of execution.[32] Plaintiff does not assert that he has a writ of execution in either his complaint or opposition the present

---

insurance contract in the sense that the contract makes it more likely that there will be money for the tot victim to collect. But the tort victim only benefits from the existence of the insurance contract indirectly . . .Thus, the tort victim is only an incidental beneficiary." *Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 284 (Alaska 2012).

[27] Dkt. 17 at 4.

[28] *Id.* at 3.

[29] Dkt. 16-1, 16-2. Plaintiff placed these documents into the record by attaching them to his filing. *See also* Dkt. 7-1.

[30] *Id.*

[31] Dkt. 17-1 at 2.

[32] Dkt. 18 at 3; Dkt. 19 at 3.

5

motions. His opposition to the motions to dismiss merely states that he is a judgment creditor and cites the Superior Court's order allowing that he may apply for a writ of execution.[33] The Court agrees with Defendants that the Plaintiff must first obtain a writ of execution pursuant to Alaska law before he may assert Horsman's causes of action against Defendants. Until Plaintiff has such a writ, he may not assert Horsman's causes of action and his complaint fails to state a claim against Defendants upon which relief may be granted. Because the Court is dismissing Plaintiff's complaint for the reasons stated above, Defendants' statute of limitations arguments need not be addressed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (at Dkts. 7, 13) are **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff may file an amended complaint against Defendant no later than February 26, 2014.

Dated at Anchorage, Alaska, this 6th day of February, 2014.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
U. S. DISTRICT JUDGE

---

[33] Dkt. 17 at 3.